*original* FILED

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

07 SEP 17 PM 12:15

U.S. DISTRICT COURT
N.D. OF ALABAMA

RICHARD HENRY JOBSON

Inmate Identification Number: #123903

_____

_____

(Enter above the full name(s) of the plaintiff(s)
in this action)

NOTICE TO FILING PARTY

It is your responsibility to
notify the clerk in writing
of any address change.
Failure to notify the clerk
may result in dismissal
of your case
without further notice.

vs.

Deberah GARDNER, CS, A.L. GARRETT,
GREG Howard, CS, Richard F. Allen,
Billy mitchem, Bob RiLey, and
HARVEY GRiMMER.

(Enter above full name(s) of the defendant(s)
in this action)

CV-07-RRA-1687-M

## I.   Previous lawsuits

A.   Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes  ( ✓ )          No  ( )

B.   If your answer to (A) is "yes," describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit:

Plaintiff(s):   Richard HENRY Jobson

Defendant(s):   Warden Billy Mitchem II,
Et, AL.

2.    Court (if Federal Court, name the district; if State Court, name the county)

*Federal Court, The Northern District of Alabama*

3.    Docket number *CV04-S-2708-NE*

4.    Name of judge to whom case was assigned *Judge C. Lynwood Smith Jr.* *Referred to: Magistrate-Judge Robert R. Armstrong Jr.*

5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?)  *The case is still pending.*

6.    Approximate date of filing lawsuit *September 9, 2004*

7.    Approximate date of disposition *Still pending.*

II.    Place of present confinement *St. Claire Correctional Facility* *1000 St. Claia Road* *Springville, Alabama. 35146*

A.    Is there a prisoner grievance procedure in this institution?
Yes  ( ✓ )        No  (  )

B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes  ( ✓ )        No  (  )

C.    If your answer is YES:

1.    What steps did you take?  *I presented the facts to A.L. Garrett deputy Warden on a grievance form.*

2.    What was the result? *I have not seen, spoken to, or heard from deputy Warden A.L. Garrett.*

D.    If your answer is NO, explain why not?

III.   **Parties**
In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.   Name of plaintiff(s)   _Richard HENRY Jobson, #123903, E-42_
_St. Clair Correctional Facility_
Address _1000 St. Claire Road_
_Springville, ALABAMA, 35146_

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant   _Deberah Gardner_
is employed as   _Classification Specialist_
at   _St. Clair Correctional Facility_

C.   Additional Defendants   _A.L. Garrett, deputy warden, St. Clair_
_Correctional Facility, Greg Howard, Classification Specialist_
_St. Clair C.F., Richard F. Allen, Commissioner, Bob Riley,_
_Governor, Billy Mitchem, Warden, Limestone prison,_
_Harvey Grimmer, Warden, Epps, Louisiana prison._

IV.   **Statement of Claim**

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

_On my return from Epps, Louisiana prison, on 7-24-07_
_Mrs. Deberah Gardner, CS, closed my custody and_
_had me placed in Administrative Segregation lock-up_
_for a disciplinary I recieved and punished for in the_

3

State of Louisiana. A.L. Garrett, deputy Warden went along with it, would not answer my grievance form. Greg Howard, CS, signed off on Mrs. Gardner's findings, and I never met any of these people, including A.L. Garrett, deputy Warden. "SEE Attached sheets for full details as they happened."

## V.   RELIEF

State briefly **exactly** what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I ask this court to order my return back to Limestone prison in Madison Ala., where I was at before the transfer to Louisiana. I ask all disciplinary's and citations be expunged from my prison file, I ask that I be released from Administrative Segregation, I ask this court to order that my money be returned to me, I ask that Mrs. Gardner's findings be expunged from file.

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on SEPTEMBER 10, 2007

Richard A. Jobson
#123903 PRO SE

_____

_____

_____

Signature(s)

4

EAch claim that I have are all related to the same incident and/or issue.

This was the only way I knew to set forth how every thing happened to me, as related to each of my claims and/or issue's.

Please accept this complaint as is, as every thing is together.

Thank you
Richard H. John
Pro Se
Plaintiff

I also filed a Writ of Habeas Corpus
06-CCS-RRA-2299-E

## CLIAM 1

On or about January 5, 2007, I was confined and held a prisoner at the Limestone Correctional Facility, Located in Madison County, Alabama. This is a Alabama Department of Corrections Prison.

I had been held at this prison, (L.C.F.) from 2002 untill January 5, 2007, when I was forced against my will and with no pre-transfer hearing for out of state transfer, was forced unto a bus from Epps, Louisiana, and carried from Limestone prison, to Epps, Louisiana, where I was held and detained as a prisoner at the WEST CARROLL DETENTION CENTER, Located in Epps, Louisiana.

My booking number into this WCDC prison was: 2007010048, WCDC AIS. number was: 108117, Richard Jobson. I did not sign any papers agreeing to this transfer, did not have any knowledge of this transfer of myself, untill I was forced unto the bus from Epps, Louisiana, nor did I have counsel to inform me of my Rights of a pre-transfer hearing for out of state transfer. This was an involuntary transfer on my part, and I did not waive my Rights.

This is a private prison I was held at in Louisiana, owned and operated by EMERALD MANAGEMENT SYSTEM, INC., and incorporated with the GOLDEN EAGLE I.M.S, INC. The defendant, or persons involved is as follows...

Gov. Bob Riley, Commissioner of the ALABAMA Department of Corrections prisons, Richard ALLEN., and Warden Billy Mitchem III, Warden of the Limestone prison, Located in Madison Alabama, and Warden Harvey Grimmer, Warden of the West Carroll Detention Center, Located in Epps, Louisiana, Byron Brown, deputy Warden, W.C.O.C., and Faye Pilliars, cheif of transport for W.C.D.C. prisoners. The involuntary transfer of myself (Richard Jobson) placed me in a life or death situation I had no control over, denied me due process of law, Equal protection of the laws, in violation of my 5th, 6th, 8th, and (14) fourteenth Amendment Rights. SEE Attached Exhibits
A

### Claim 2

Due to the involuntary transfer, after arriving in Epps, Louisiana, some (5) months passed, when one night I was awakened from sleep by (2) two prisoner's TERRY COX, and Bryon Kelly engaging in the act of Sodomy. I told the (2) two prisoners to get away from my bed area with what they were doing. TERRY Cox and Bryon Kelly was in the bottom bunk next to mine, but was assigned to another prisoner. TERRY Cox and Bryon Kelly had rented the bottom bunk for the night from the other prisoner called Emmit

Johnson. Terry Cox and myself, and Bryon Kelly got into an argument, it was loud enough that it drawed attention to the bed area by the night guard. Terry Cox and Bryon Kelly was made to return to their own beds that night.

The argument and incident took place on the June 2, 2007. On June 5, 2007, at 1 o'clock in the morning time, I was sitting in the T.V. veiwing area, when Terry Cox struck me along the side of my head, on my left ear. I jumped up, grabbing inmate Terry Cox and we started to struggle, when I noticed Terry Cox with what appeared to be a blade of some sort. I got it away from Terry Cox and in doing so caused injury to my finger's and hand by being cut by the razor blade. Terry Cox struck me once again in the face, and I used the razor blade to cut him along the side of his face.

It was one cut, one time. It got inmate Terry Cox up off of me. The guard choose that moment to enter the dorm B-2, and he seen all the blood, and called for help. I was taken to the prison infirmary, and treated for my injury's then taken to lock-up. Inmate Terry Cox was treated, and placed in an isolation cell down the hall from me. On June 12, 2007, I was taken before a Louisiana Disciplinary

court for a hearing on the charge of fighting with another prisoner with a weapon. The Disciplinary was written under an ALABAMA Rule violation #34 - Fighting with a weapon.

C/O Martin, a W.C.D.C. Louisiana guard had written me up for this Rule violation. Under oath, before the disciplinary court, he gave testimony that in fact he did not hear me, Richard Jobson, #123903, claim that I was going to kill prisoner TERRY Cox. The nurse, L.P.N. Shana Mills, who submitted a statement claiming she heard me say this, under oath before the disciplinary court, she gave testimony that TERRY Cox had told her this, and that she felt sorry for him and thus submitted her statement.

Lt. Johnson, a Louisiana guard, gave testimony that a confidental informat, which was another Alabama prisoner, told himself and C/O Martin that Richard Jobson had said he was going to kill inmate TERRY Cox W/ 231155S. I was given a prisoner of Louisiana as counsel. I asked the disciplinary officer for a representive from Alabama, to represent me. I was informed that Alabama had no jurisdiction in Louisiana, that I was before a Louisiana disciplinary board. I entered a plea of guilty for cutting inmate TERRY Cox, but with a statment to why and how all this came about. After adjornment

was informed that I was going to lock-up. I asked why, and was told that a MRS. DEBERAH GARDER wanted to SEE ME first and that she would answer all my questions.

Upon ENTERING MRS. GARDER's office, I was informed by her that I was going to be placed in locked for the disciplinary that I RECIEVED while in Epps, Louisiana.

I asked MRS. GARDNER how this was fair, since I had already paid the punishment for the disciplinary, it happened in Louisiana, not in ALABAMA, and ALABAMA had given Louisiana custody of me, and that a Louisiana disciplinary board did not close my custody. MRS. GARDNER said I would be given a hearing by all the board member's and that I could give EvidEncE and call witnesses in my behalf. ON the day that I arrived and talked with MRS. GARDNER, I was given a DETENTION Notification that I would be held in Administrative SEGREGATION untill my RE-CLASS hearing.

This was on 7-24-07. The NEXT day on 7-25-07, I was brought to MRS. GARDNER's by officer's, to her office. MRS. GARDNER informed me that this was my RE-CLASS hearing. I asked MRS. GARDNER WHERE the OTHER board

MEMBERS WAS. MRS. GARDNER informed me
that the decision to close my custody had
already been made, and that the other member's
would sign-off on it later. I asked how this
was fair, as I could not call witnesses that
may or may not still be in Louisiana, or where
they may have been sent to through out A/A. or
RETURN. THE documentary evidence I needed
was still in Louisiana. Louisiana Recorded
the hearing, with all findings and testimony
that was given, and my punishment. BECAUSE
of the actions of MRS. GARDNER, and that
of GREG HOWARD, CS and Deputy Warden
A.L. GARRETT, I was denied due process
of law, equal protection of the laws, in
violation of my 5th, 6th, 8th, and (14) fourteenth
Amendment Rights. SEE Attached Exhibits (B-E) The
defendant's, or person's involved is as follows...
A.L. GARRETT, Deputy Warden, St. Clair
CORRECTIONAL Facility, 1000 St. Clair Road
Springville, ALABAMA. 35146. MRS. DEBERAH
GARDNER, Classification Specialist, St. Clair
CORRECTIONAL Facility, 1000 St. Clair Road,
Springville, ALABAMA. 35146. GREG HOWARD,
Classification Specialist, St. Clair CORRECTIONAL
Facility, 1000 St. Clair Road, Springville
ALABAMA. 35146. I cannot Read the

names of the others involved, and I never
met them at any time before the Re-class
hearing or after. Re-class hearing was less
than 10 minutes, held by Mrs. Gardner. Deputy
Warden Garrett signed off on it as approved
as well as his designee Mr. Howard. This
is not the first time that I have been
Discriminated against, because as soon as
my prison file is looked at and these members
see what I was convicted of, everything
becomes alot worse than it actually is.

## Claim 4

While still being held a prisoner in Epps,
Louisiana, and doing disciplinary (dog house)
time as it was called, for fighting with a
weapon, my prisoner account was being
drained by persons I do not know. On
6/20/2007, my account shows that I bought
hobby craft from a ELVIS DUKE. Then again
on 7/5/2007, ELVIS DUKE again. Then on
7/6/2007, I was to supposed to have bought
hobby craft from a LOUIS FRENCH. This is
not true. I did not buy hobby craft
from anyone while held a prisoner in
Louisiana. On each of these dates shown

I was being held in lock-up for 45 days for fighting with a weapon, a finding by a Louisiana disciplinary board. I wasn't allowed even toilet paper in the cell, let alone buy hobby craft, or make store. I had to ask the guards for toilet paper when I had to use the bathroom. And to make matters even worse, upon getting back to ALABAMA, I am once again put in lock-up here at St. Claire Correctional facility, then I recieved this paper from WEST Carroll Detention center of my inmate account detail report, and I find out my account was being slowly drained.

Then I noticed that I was charged for a pair of orange pants not returned, a face wash cloth and a towel. All ALABAMA prisoner in Louisiana had their own towels and face wash cloth's supplied by ALABAMA. Louisiana did not supply any of that. I could not have left Louisiana with a pair of their orange pants, as ALABAMA's prisoners wear all white. I was processed in at Kilby prison here in ALABAMA, and have a property sheet of my property. No orange pants.

Louisiana is not being truthful. Louisiana took all orange pants and shirts, and gave Each ALABAMA Prisoner a pair of white

pants and white shirt with ADOC on the
back, to wear back to ALABAMA. I have been
Robbed of my money from my account. I
have written a letter to <u>Warden Harvey
Grimmer</u> of Epps, Louisiana. And requested
that my money be returned to me, and to
please tell me why and how these people was
able to get my money from my prison
account while I am in lock-up. Then I
asked for my money back on the charge of
orange not returned. I never left with them
on or otherwise, they was taken up by the
Louisiana guards. The defendants or
persons involved are as follows...
<u>Richard F. Allen</u>, Commissioner of
prisons in ALABAMA, and located in the
ALABAMA DEPARTMENT OF CORRECTIONS
301 South Ripley Street
P.O. Box 301501
Montgomery, ALABAMA, 36130   and

Warden HARVEY Grimmer
180 Capital Bank Drive
P.O. Box 307
Epps, Louisiana. 71237

Each of the persons are Responsible

as I was held prisoner in Louisiana by Warden HARVEY GRIMMER. COMMISSIONER Richard F. ALLEN was RESPONSIBLE for me being held a prisoner in Louisiana, and the COMMISSIONER was RESPONSIBLE before I was transferred to Louisiana as well as when I RETURNED to his custody in the department of CORRECTIONS prisons. This also to include that each prisoner money account be sent with him upon transfer and return, with prisoner personal property. COMMISSIONER Richard F. ALLEN could sent matter's straight within 10 minutes by picking up the phone and getting to the bottom of matters, and I would not have to come too this court with a complaint.

I want my money back that has been stolen from me, in violation of my 5th, 6th, 7th, 8th, and 14th AMENDMENT Rights. SEE attached Exhibits. $70.00 was stolen altogether.
SEE Attached Exhibit "F & G & H

(Claim 5)

THE RE-Class hearing MRS. DEBERAH GARDNER held, was based on not only a disciplinary that I recieved in Louisiana that discipline was given to me by a Louisiana disciplinary board, but by all the citation's that I had

Recieved for failure to check out on the farm at Limestone prison. I have always had a medical profile in my medical file, that I cannot be exposed to extreme heat, dust, or sprayed chemicals, not only because I suffer from asthmatic condition, but I take blood pressure medication, and when I get to hot from the heat, my blood pressure goes up and it feels as if I am going to pass out. In houisiana while a prisoner there, my blood pressure went so high I almost had a stroke. When seen by the doctor there, he asked me if I had ever taken blood pressure medince. I said yes, but that the medical staff at limestone quit giving me the pills for blood pressure, and just gave me a cholesterol lowering drug. Before leaving Alabama to be held a prisoner in houisiana, I was under doctor care under cronic care, because my blood pressure had to be checked once a week, and blood drawn to check my cholesterol level.

All of this was said to bring about my point on my claims. I had a right to Refuse to check out on a farm squad knowing I would be placing myself in danger. A.D.O.C. Knew I had a medical

profile but still tried to force me to check
out on a farm squad with no regard to my
life, health, or regard to my medical profile
stop-up. Due to my complaints of lack of medical
care, my refusual to check out on the farm, I
was suddenly accused of making threats to
Warden Mitchem, and forgery. I had had
enough at this point, and I brought a civil
complaint under civil rights Act, 42 U.S.C.
§1983 SEE <u>CU-04-2708-NE</u>, <u>Jobson v.</u>
<u>Mitchem et, Al</u>. Even after I filed my
complaint with the court, I continued to
be harassed and written BEHAVIOR CITATIONS
even after that A.D.O.C. officals became
aware for sure after being served with
a copy of the complaint. Sean Bright, COI
is a prison guard at Limestone, prison and
a friend to guard Kenneth Cossy, COI, a
defendant on complaint CU-04-2708-NE.
   A.D.O.C. officals named in the complaint,
claimed that they knew nothing of my
medical RESTRICTIONS. They did when the
complaint was filed, and served on them.
   With the exhibits attached, you can see
the pattern as it all occurred, and
continues untill now. <u>6/16/2003</u>, citation,
failure to report to farm Squad. Then inmate

James Newby, black male, out of the blue showed up to Rob me. This was after my first complaint with A.D.O.C. officals that I could not perform those duty's on a farm Squad because of my medical Restrictions.

James Newby, did not know me, or me him.

James Newby showed up at my bed area with a chain in his hand, demanded I open my locker box for him to be to take away my Store goods, I had just made store the day before. When I Refused, James Newby struck me in the back of my neck with the chain he was carrying. I cut James Newby with a hobby craft knife, he dropped the chain and Ran. I was given 45 days in the (dog house) disciplinary Seg. even after Lt. Robert Pivonka, wrote the disciplinary that I was forced to defend myself. Nothing was done to inmate James Newby. He was sent to a work Release center. To ensure that I did not win on the disciplinary in court, I was written (2) two, Fighting with a weapon, and unauthorized Poss. of weapon.

I appealed on the grounds of double jeopardy; as I was already written up for fighting with a weapon, and the fact I was defending myself. Lt. Robert Pivonka

was the hearing officer, and he wrote that my custody should not change because of my good disciplinary record and the fact that I was forced to defend myself. All this took place on 8/28/2003 fighting with a weapon and on 8/28/2003 Unauthorized Poss. of weapon.

After doing 45 days in disciplinary Seg., I was released back to population. Then on 10/30/2003, it all starts again. Citation failure to report to farm squad. Here again I suffered a double Jeopardy to myself as the A.D.O.C. puts in the Citation twice. I only received one on 10/30/2003. With a BEHAVIOR CITATION, is used against a prisoner Just like a disciplinary. With a behavior citation, A.D.O.C. is able to deprive a prisoner of a hearing on the citation. The guard can write whatever he/or she wants, at any time, and a prisoner can do nothing to defend against the citation because the prisoner does not get a chance at a hearing. This denie's a prisoner due process of law, as well as access to a disciplinary board. Likewise all the facts can be brought out. Not only

credits or earning status taken away, the guard can have a prisoner custody status upgraded, which results in re-class to a more restrictive custody, such as closed custody. As soon as I filed a complaint with the Warden Billy Mitchem the III of Limestone, threatening to file a complaint with the courts unless medical stop up is honoured and the citations and disciplinaries expunged from my file. On 9/24/2004 I was awakened, taken from my cell along with some of my legal papers, and charged with forgery, and THREATS. I filed my complaint with this court at that time because I had had enough. I was found guilty without even being present at a disciplinary hearing. Was given a copy of the disciplinary boards findings after serving 32 days in house arrest, I was then moved to 9 dorm, which is disciplinary Seg. for 90 days in the (dog house) As soon as I was released from disciplinary Seg. it all started over again. On 10/7/2005, Sean Bright CoI, wrote me a behavior citation failure to report to farm squad for check out. Capt. Patrick Robinson finally ordered the guards to leave me alone, that I

did in fact have a medical profile stop up. On 1/5/2007, I was then transferred to Louisiana against my will, where I got a disciplinary for fighting with a weapon.

I am now before this court, because due to the disciplinary I recieved on 6/12/07 in Louisiana, A.D.O.C. claims that private prison as one of there own, as shown by inmate summary as of 8/8/07. I have circled where A.D.O.C. has at INST: 358

Then to make matters worse, never has a time sheet, or summary sheet been sent to me with that I escaped, or attempted too, from a prison. But now, out of nowhere I am now labled a escape risk. All of this took place at Limestone prison, #024 except for the re-class at St. Clair Correctional Facility. I have been denied due process of law, equal protection of the laws, and faced with double jeopardy again.

The persons involved are as follows...

Deberah Gardner, CS, Greg Howard, CS, and deputy Warden A.L. Garrett. All located at St. Clair Correctional Facility. In violation of my 5th, 6th, 8th, 14th amendment rights. I had suffered (pneumonia from my exposure to the chemicals on the farm after being

forced to be around the sprayed chemicals
and heat. I was under doctors care, and
being treated for pneumonia and wt. loss.
See attached Exhibits. "I thru "O"&P

( Claim 6 )

I now suffer from hypertension, a disease
in which pressure in the blood vessels remains
dangerously high. This is caused by Elevations
in stress hormones, because my stress response
is on overdrive. My Epinephrine, a hormone
that increases heart rate and blood pressure
are on overdrive, as I feel threatened by this
difficult situation I am faced with. I
suffer emotional distress, intimidation, weight
loss, loss of sleep, shock, and humiliation, and
unnecessary and unrestricted infliction of
pain, as well as psychological pain. I stay
dizzy all the time now, my head hurts so
bad I feel like crying, I have deep dark
black circles under my eyes like someone
has blacked my eyes. My eyes are sunken
into my head. I never know from one (1)
minute or the next, if I will suffer a heart
attack, or a stroke. My blood pressure is
dangerously high, as well as my Cholesterol
level. I never know if I will be transferred

to another worse overcrowded prison, where
there is two (2) to (3) people per cell. I
jump at all noises now, I never know
from one prisoner are the next is going to
hurt me, or a guard. I requested protective
custody, which was denied. Since 1/5/2007
I have been transferred four times (4)
already. I was sent to William E. Donaldson
Correctional Facility, and encountered one of
my enemys there. That was a nightmare, and
lucky I wasnt killed, which this is a level
6 prison, total max. I am now in Administrative
Segregation. For (6) years now, I have fought
for my life. Fought for my life on medical
and not being placed on farm duty because
of my medical. Then I have fought to live
from attacks from others, prisoners. And I
have payed dearly for it. For defending
myself, I get punished. For not placing myself
in danger by being exposed to harmful
chemicals, I get punished. For complaining
of medical, and my needs, I am faced with
the fear of my life and health. "See Attached
Exhibits". "I" thru "O"

## Claim 7

My Rights, privileges, or immunities afforded
me under the Constitution or laws of the

United States have been Abridged during my incarceration at the St. Clair Correctional Facility in Springville, ALABAMA., and in Epps, Louisiana, at the West Carroll Detention Center, and at the Limestone Correctional Facility in Madison, ALABAMA.

Since all of this started at the Limestone Correctional Facility, I will outline how each defendant took part. GOVERNOR Bob Riley signed an order for myself and other prisoner's to be transferred to the state of Louisiana, to be held as prisoners. I was not given a pre-transfer hearing for the purpose of out of state extradition.

COMMISSIONER, Richard F. ALLEN, knew that I was being transferred involuntary, and also knew that I did not have counsel to represent me so that my rights would be protected against the involuntary transfer.

WARDEN Billy MITCHEM III, had custody of me. I was in his prison that he is Warden of. I watched Warden Mitchem sign the papers given Louisiana custody of my person. Louisiana transport officers placed me in leg shackets and hand cuffs, and forced me against my will unto a bus, and I was taken to Epps, Louisiana. Due to the out of

State transfer, I was placed in a situation where I had to defend for my life against another prisoner. I was robbed of my money from my prisoner account. I contacted all parties involved and could not get a response. Richard F. Allen is responsible for the return of prisoners in his custody in the A.D.O.C., and to ensure all monies return with the State pursuers his office refuses to respond or take action to recover my money from my account, that was stolen from me. Exhibit "J."

At the St. Clair Correctional Facility in Springville, Alabama, A.L. Garrett, deputy warden, Greg Howard, classification specialist, and Mrs. Deborah Gardner, classification specialist, has discriminated against me, and denied me due process of law and equal protection of the laws. Because of defending myself in Louisiana, and a disciplinary that I received in Louisiana, I was placed in a single cell in Administrative Segregation. No investigation was performed, as I received a Detention Notification on 7/24/07, and overnight the findings was to close my custody and I remain in lock-up, 7/25/02. As it stands now, with the behavior citations in my file, along with the

process of law, a disciplinary or citation hearing, and faced with double jeopardy, and discrimination I will never be allowed parole. 9 years from this date when my parole date arrives, these same disciplinary's and citations will be used against me again. If I had not complained of my medical and checked out on a farm squad untill I either died or became so ill that I could not function, Everything would have been different. "But I did not," because I should not have to go through that pain, suffering, and should not be made to injury myself, because A.D.O.C. did not want to honor my medical profile and step-up. Because I defended myself from attacks from other prisoner's, I am punished even more. A.D.O.C. is responsible for the safty of all prisoner's. A.D.O.C. cannot do this because of the over crowding conditions, and in most cases, chooses not to get involved untill death is almost occurred, or has.

I should have a right to defend myself, I cannot ecsape the danger or threat of violence because I am locked in a cell block with it all going on and cannot go anywhere. A.D.O.C. is aware that this goes on. Locking me in a cell is never ever going to make me stop defending myself, or allow some homosexual rape or hurt me. Being locked down in

Administrative Segregation denies me the chance to get my G.E.D., as I was working on this at the limestone prison. Denies me the chance to go to trade school, enjoy the hobby craft shop, reading library, and all these are critical factors of parole. If A.D.O.C. had not ignored my medical profile, and tryed to force me to work on the farm squad anyway, there would be no citations or disciplinary's in my file. If A.D.O.C. had control of prison population so as not to be over crowded, more officer's would be present for the number of prisoner's that should be housed in the cell blocks, therefore violence or threat of violence, homosexual rape, loan sharking, box breaking and stealing would not go on, at some point. I should be allowed to protect myself.

I have been denied due process of law, equal protection of the laws, suffered cruel and unusual punishement, and been twice put in double jeopardy. In violation of my 5th, 6th, 8th, and 14th Amendments rights. I demand a trial by jury as a matter of right, and claim damages of $750,000., monetary damages.

These person's, acted outside of their offical captivity, as well as their individual captivity. SEE Attached Exhibits (B thru E)

Richard H. Johnson

## RELIEF SOUGHT

I REQUEST this court ORDER my RETURN bACK to Limestone prison where I was at before the transfer to Louisiana.

I REQUEST all disciplinary's and citations be expunged from my prison file, that has to do with Limestone prison and Louisiana.

I REQUEST I be Released from Administrative segregation, and order that Mrs. Deberah Gardner's actions against me be expunged from my prison file.

I REQUEST this court ORDER my money taken from me in Louisiana be Replaced, as A.D.O.C. is RESPONSbLE.

I REQUEST upon ORDER of this court, my RETURN to Limestone prison, that my status be RESTORED to me that I had before Removal, such as prison job, cell assignment, continued chronic care medical, where the medical staff already knows me, and that I can Return to population safely at Limestone where I can further my education, classes, and I will be safe.

# DECLARATION UNDER PENALTY OF PERJURY OF RICHARD HENRY JOBSON

I RICHARD HENRY JOBSON, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. §1746:

that these claims are the true facts that are stated herein, that they did happen to me and that my constitutional Rights have been abridged during my incarceration by the defendant's named herein.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on September the 10th 2007.

Richard H. Johson

Richard HENRY Johson
Plaintiff, Pro SE

Exhibit "A" 

B2

## Golden Eagle IMS - West Carroll Detention Center - DEBORA

Inmate Visitor Allowed Maintenance

**Booking No. :** 2007010048

**WCDC Number :** 108117

**Inmate Name :** JOBSON, RICHARD

| Visitor Name | Relationship |
|---|---|
| BALDWIN, SHIRLEY | MOTHER IN LAW |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

View Inmate Visitors allowed.

*Exhibit "B"*



State of Alabama
## Alabama Department of Corrections
St. Clair Correctional Facility
1000 St. Clair Road
Springville Al. 35146



BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

# DETENTION NOTIFICATION

TO: *Richard H. Johnson* AIS# *W/123903 R & S*  This is to inform

you that you are presently being investigated by *D. Gardner, CS* for

*(pending reclass) on fighting w/an inmate*

(Describe reason in detail for detention/investigation)

*in L.A. w/a weapon*

As a result of this we are placing you in a single cell pending completion of the investigation. I am giving you notice that this investigation may take longer than 72 hours. This time excludes weekends and all holidays. Prior to the end of the 72 hours you will either receive an extension or additional notification (i.e. Disciplinary, Notice of Reclassification, etc.), or be released from the single cell. Upon service of a disciplinary your detention will be extended ten (10) calendar days in which the disciplinary will be accomplished. After the disciplinary hearing is held, the Warden or his designee will have ten (10) calendar days in which he will either concur or disapprove with the committee's findings. The Warden/Director or Deputy Commissioner of the institutions and the Director of Investigation and Inspections or designees have the authority to extend the 72 hours investigation, if the investigation is incomplete or circumstances warrant.

By your signature below, you acknowledge receipt of a copy of this notice.

_____  7-24-07  12:20 pm
Inmate's Signature       Date       Time

_____  7/24/07  12:20 pm        _____, CS
Serving Officer          Date       Time            Warden's Designee

The Investigating Officer is responsible for all investigative phases and ensuring that all concerned are notified.

Cc:    Warden
       Assistant Warden
       Institutional File
       Segregation File

Telephone (205) 467-6111

**FORM 22**

## 24 HOUR ADVANCE NOTIFICATION OF
## PENDING RECLASSIFICATION

TO: Richard Jobson          1239030 *RES, iiona*          *In from* W/M *Louisiana*          07-24-07

NAME          AIS # *W/M*          R/S          DATE

**Notice of Reclassification:** This is to inform you that on the 25 day of July , 20 07 , you will

meet a reclassification team to be considered for change in custody and/or institutional assignment because:
Inmate Jobson is being reclassed due to Disciplinary rec'd for Fighting W/a weapon while assigned as an inmate at
West Carroll Detention Center . The hearing was held on 06-12-07. Inmate was found guilty. Inmate Jobson cut
inmate Terry Cox W/231155S with a razor blade about his facial and head area. Per Social Service Action form
dated 06-26-07. You will be considered for a custody increase to Close (SC).

This is not a disciplinary hearing. A reclassification team will review this matter and recommend changes, if
needed, in your current placement and/or custody. At the reclassification meeting you will be given an
opportunity to be heard, to present witnesses and to present documentary evidence.

_____          7-24-07          _____

NAME OF SERVING OFFICER          DATE          WITNESS

I understand that this is my notice of a reclassification meeting to determine changes in placement and/or
custody. I have been given the opportunity to call witnesses in my behalf and have received a copy of this
notice on 7-24-07 at 12:36 pm .

DATE          TIME

_____          _____

SIGNATURE OF INMATE          AIS #

WITNESSES REQUESTED BY INMATE:

_____          _____ NONE

_____

**DISTRIBUTION: INMATE/INSTITUTIONAL FILE/CENTRAL FILE**

Exhibit "D"

S E G

ALABAMA DEPARTMENT OF CORRECTIONS                 INST:   C67
CBR716-3              INMATE SUMMARY AS OF 08/08/2007         CODE: CDRVK

*Exhibit "E"*

AIS: 00123903S   INMATE: JOBSON, RICHARD HENRY           RACE: W   SEX: M

INST: 067 - ST. CLAIR CORRECTIONAL FAC.     DORM:  SC  JAIL CR: COOY 08M 27D

DOB: 10/04/1962  SSN: 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

ALIAS: JOBSON, RICHARD H                 ALIAS: PEE WEE,

ADM DT: 11/14/2001 DEAD TIME: 00CY 00M 00D

ADM TYP: LIFE SENTENCE                  STAT: ADMINISTRATIVE SEGREGATION

CURRENT CUST: CLS-9   CURRENT CUST DT: 07/25/2007  PAROLE REVIEW DATE: FEB 2016

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV       CURRENT CLASS DATE:   11/14/2001
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM | |
|--------|---------|---------|-------|--|-------|------|--|
| CALHOUN | 11/14/01 | NC1000733 | SODOMY I | | 0267D | LIFE | CS |
| | | | CT I AND CT II | | | | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | | |
| | COURT COSTS : $0000420 | | FINES : $0020000 | RESTITUTION : $0000050 | | | |
| CALHOUN | 11/14/01 | N01000734 | RAPE I | | 0267D | LIFE | CS |
| | | | CT I AND CT II | | | | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | | |
| | COURT COSTS : $0000252 | | FINES : $0000000 | RESTITUTION : $0000050 | | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|-----------|-----------|---------------|---------------|-----------|
| LIFE | 00/00/0000 | | | 99/99/9999 |

INMATE LITERAL:

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

ESCAPEE-PAROLE SUMMARY

    INMATE CONVICTED ON 03/09/1981 FOR ESC/ATT TO ESCAPE FROM PEN

>ESCAPED FROM 208 ON 01/20/1981  RECAPTURED: 01/21/1981  RETURNED DT: 01/21/1981

PAROLED FRM  161:09/29/86 RVK:08/11/87 DELQ:02/23/87 RECAP:07/06/87 RTN:07/06/87

PAROLED FRM  070:03/06/89 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

CONTINUED ON NEXT PAGE

```
                    ALABAMA DEPARTMENT OF CORRECTIONS              INST:   067
CBR716-3            INMATE SUMMARY AS OF 08/08/2007               CODE: CDRVK
```

*************************************   CONTINUATION   *************************************

AIS: 00123903S   INMATE: JOBSON, RICHARD HENRY              RACE: W  SEX: M

**********************************************************************************

ESCAPEE/PAROLE SUMMARY
**********************************************************************************

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 06/12/2007  TIME LOST: 00Y00M00D   CUST FROM CLS9 TO CLS9
   DISCIPLINE TYPE: MAJOR                  (AT INST: 358)   RULE NUMBER: 34
   RETAINED DAYS: 0000   SEQ #: 09   RULE LIT: FIGHTING WITH A WEAPON

   >> CITATION: 10/07/2005                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 024   RULE NUMBER: 96
   RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: FAILURE TO REPORT

>> DISCIPLINE: 09/24/2004  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                  AT INST: 024   RULE NUMBER: 44
   RETAINED DAYS: 0000   SEQ #: 07   RULE LIT: THREATS

>> DISCIPLINE: 09/24/2004  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                  AT INST: 024   RULE NUMBER: 72
   RETAINED DAYS: 0000   SEQ #: 06   RULE LIT: FORGERY

   >> CITATION: 10/20/2003                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 024   RULE NUMBER: 96
   RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: FAILURE TO REPORT

   >> CITATION: 10/20/2003                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 024   RULE NUMBER: 96
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: FAILURE TO REPORT

>> DISCIPLINE: 08/28/2003  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                  AT INST: 024   RULE NUMBER: 52
   RETAINED DAYS: 0000   SEQ #: 03   RULE LIT: UNAUTHORIZED POSS. OF WEAPON/DEVI

>> DISCIPLINE: 08/28/2003  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                  AT INST: 024   RULE NUMBER: 34
   RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: FIGHTING WITH A WEAPON

   >> CITATION: 06/16/2003                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 024   RULE NUMBER: 96
   RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: FAILURE TO REPORT

Date : 07/24/2007

# INMATE ACCOUNT DETAIL REPORT

## WEST CARROLL DETENTION CENTER

PAGE :     1

*Exhibit "F"*

BOOKING NO : **2007010048**      FILE NO. : **108117**

INMATE NAME : **JOBSON, RICHARD**                    CELL : **DORMB2 53**

| TYPE | DESCRIPTION | TRANSACTION DATE | AMOUNT | NEW BALANCE |
|------|-------------|------------------|--------|-------------|
| CREDIT | LIMESTONE CORRECTIONAL | 01/06/2007 | $ 0.16 | $ 0.16 |
| DEBIT | COMMISSARY POST FOR 01/08/2007 | 01/08/2007 | $ 0.00 | $ 0.16 |
| DEBIT | COMMISSARY POST FOR 01/09/2007 | 01/09/2007 | $ 0.00 | $ 0.16 |
| CREDIT | CHECK FROM LIMESTONE | 01/16/2007 | $ 50.00 | $ 50.16 |
| CREDIT | SHIRLEY BALDWIN | 01/16/2007 | $ 100.00 | $ 150.16 |
| DEBIT | COMMISSARY POST FOR 01/17/2007 | 01/17/2007 | $ 80.17 | $ 69.99 |
| DEBIT | COMMISSARY POST FOR 01/23/2007 | 01/23/2007 | $ 44.79 | $ 25.20 |
| DEBIT | COMMISSARY POST FOR 01/30/2007 | 01/30/2007 | $ 24.63 | $ 0.57 |
| CREDIT | SHRLEY BALDWIN | 03/02/2007 | $ 25.00 | $ 25.57 |
| DEBIT | COMMISSARY POST FOR 03/02/2007 | 03/02/2007 | $ 24.81 | $ 0.76 |
| CREDIT | SHIRLEY BALDWIN | 03/12/2007 | $ 25.00 | $ 25.76 |
| DEBIT | COMMISSARY POST FOR 03/13/2007 | 03/13/2007 | $ 24.93 | $ 0.83 |
| CREDIT | SHIRLEY BALDWIN | 04/04/2007 | $ 25.00 | $ 25.83 |
| DEBIT | COMMISSARY POST FOR 04/05/2007 | 04/05/2007 | $ 25.57 | $ 0.26 |
| CREDIT | SHIRLEY BALDWIN | 04/11/2007 | $ 25.00 | $ 25.26 |
| DEBIT | COMMISSARY POST FOR 04/12/2007 | 04/12/2007 | $ 25.06 | $ 0.20 |
| CREDIT | SHIRLEY BALDWIN | 04/30/2007 | $ 25.00 | $ 25.20 |
| DEBIT | COMMISSARY POST FOR 05/01/2007 | 05/01/2007 | $ 24.98 | $ 0.22 |
| CREDIT | SHIRLEY BALDWIN | 05/16/2007 | $ 25.00 | $ 25.22 |
| DEBIT | COMMISSARY POST FOR 05/17/2007 | 05/17/2007 | $ 25.02 | $ 0.20 |
| CREDIT | SHIRLEY BALDWIN | 05/29/2007 | $ 25.00 | $ 25.20 |
| DEBIT | COMMISSARY POST FOR 05/30/2007 | 05/30/2007 | $ 25.09 | $ 0.11 |
| DEBIT | COMMISSARY POST FOR 06/07/2007 | 06/07/2007 | $ 0.00 | $ 0.11 |
| CREDIT | SHIRLEY BADLWIN | 06/11/2007 | $ 50.00 | $ 50.11 |
| DEBIT | HOBBY CRAFT FROM ELVIS DUKE | 06/20/2007 | $ 20.00 | $ 30.11 |
| CREDIT | SHIRLEY BALDWIN | 06/21/2007 | $ 25.00 | $ 55.11 |
| DEBIT | HOBBY CRFT FROM ELVIS DUKE | 07/05/2007 | $ 20.00 | $ 35.11 |
| DEBIT | HOBBY CRAFT FROM LOUIS FRENCH | 07/06/2007 | $ 20.00 | $ 15.11 |
| CREDIT | SHIRLEY BALDWIN | 07/11/2007 | $ 25.00 | $ 40.11 |
| DEBIT | INMATE ACCOUNT CLOSEOUT - RELEASED FROM | 07/18/2007 | $ 40.11 | $ -40.11 |

- 12.14

Charges for items not returned:

1 Orange Pants                     10.00

1 wash cloth                          .23

1 Towel                               1.91
                                    ————
                                    12.14

Total Due   $27.97

W.E. Dennon

Case 4:07-cv-01687-RRA   Document 1   Filed 09/17/07   Page 37 of 48

*Exhibit "G"*

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

## ADOC INMATE PROPERTY SHEET - INSTITUTION

INSTITUTION: _____

INMATE NAME / AIS # _____ DATE _____

**A.  Indicate number of items in corresponding blank**

| | |
|---|---|
| 1. Pants (3) | 14. Billfold/wallet (1) |
| 2. Shirts (3) | 15. State ID Card |
| 3. Jacket (1) | 16. Mirror (1) |
| 4. Belt (1) | 17. Cup (1) |
| 5. Cap / Toboggan (1) | 18. Lock (1) |
| 6. T-shirts (8) | 19. Books (4) |
| 7. Underwear (8) | 20. Legal Papers |
| 8. Socks (8) | 21. Letters (12) |
| 9. Gym shorts (2) | 22. Stamps (40) |
| 10. Thermal Underwear (2 sets) | 23. Stationary Pads (4) |
| 11. Sweat suits (2 sets) | 24. Envelopes (50) |
| 12. Gloves (1 pair) | 25. Photographs (20) |
| 13. Shoe strings | 26. Razor staff (1) |

27. Soap (6 bars)
28. Towels/Washcloths (2 each)
29. Toothbrush/Tooth Paste/Tooth Powder (3 each)
30. Nail Clipper (1)
31. Toiletry / Hygiene (2 each)
32. Cosmetics
33. Fem Hygiene Products (36)
34. Sheets (2)
35. Blanket (1)
36. Pillowcase (1)
37. Laundry Bag (1)

**B.  The following items require a brief description**

Shoes (name brand, size)
- Tennis Shoes (1 pair) _____
- Boots (1 pair) _____

Jewelry (name brand / description, color, style)
- Watch ($25) _____
- Religious medallion/chain ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg, serial number)
- Radio & Headphones (1 set) _____

**C.  Miscellaneous (i.e. Canteen items)**

_____
_____
_____

**D.  Stored Property**

You have thirty (30) calendar days from the above date to dispose of the following items. You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity. If these items are not removed in thirty (30) days, they will be destroyed. Below are the items you are not authorized to keep.

_____
_____

INMATE SIGNATURE                    WITNESS

ADOC Form 338-A – November 22, 2005

## STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS

## ADOC INMATE PROPERTY SHEET - INSTITUTION

INSTITUTION: _____

INMATE NAME / AIS # _____  DATE _____

**A.** Indicate number of items in corresponding blank

| | | | | | |
|--|--|--|--|--|--|
| _2_ | 1. Pants (3) | _7_ | 14. Billfold/wallet (1) | _7_ | 27. Soap (6 bars) |
| _3_ | 2. Shirts (3) | | 15. State ID Card | | 28. Towels/Washcloths (2 each) |
| | 3. Jacket (1) | | 16. Mirror (1) | | 29. Toothbrush/Tooth |
| _1_ | 4. Belt (1) | _1_ | 17. Cup (1) | | Paste/Tooth Powder (3 each) |
| | 5. Cap / Toboggan (1) | | 18. Lock (1) | | 30. Nail Clipper (1) |
| _6_ | 6. T-shirts (8) | _3_ | 19. Books (4) | | 31. Toiletry / Hygiene (2 each) |
| _7_ | 7. Underwear (8) | | 20. Legal Papers | _1_ | 32. Cosmetics |
| | 8. Socks (8) | | 21. Letters (12) | | 33. Fem Hygiene Products (36) |
| | 9. Gym shorts (2) | | 22. Stamps (40) | | 34. Sheets (2) |
| _1_ | 10. Thermal Underwear (2 sets) | | 23. Stationary Pads (4) | | 35. Blanket (1) |
| | 11. Sweat suits (2 sets) | | 24. Envelopes (50) | | 36. Pillowcase (1) |
| _1_ | 12. Gloves (1 pair) | | 25. Photographs (20) | _1_ | 37. Laundry Bag (1) |
| | 13. Shoe strings | _1_ | 26. Razor staff (1) | | |

**B.** The following items require a brief description

Shoes (name brand, size)
- Tennis Shoes (1 pair) _1  Athletic works  black_
- Boots (1 pair) _____

Jewelry (name brand / description, color, style)
- Watch ($25) _____
- Religious medallion/chain ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg serial number)
- Radio & Headphones (1 set) _____

**C.** Miscellaneous (i.e. Canteen items)

**D.** Stored Property

You have thirty (30) calendar days from the above date to dispose of the following items. You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity. If these items are not removed in thirty (30) days, they will be destroyed. Below are the items you are not authorized to keep.

_____  _____
INMATE SIGNATURE          WITNESS

Exhibit I

Re Quest

Captain Robinson Sir,

I Am inmate Richard Jobson 723903,
And I request to be placed back on the 1st
shift yard crew from the kitchen. You yourself
Captain disapproved all the disciplinarys here last
year, because I was not able to work the kitchen
or the farm. I have an inhaler for when I cannot
breath because of the heat Captain, I start coughing
till I throw up. I know when I moved to the
senior dorm 12, I would not be able to live here,
when I accepted a cell. Because as soon as I get a
disciplinary I lose the dorm and my cell. I had talk
to Officer Brooks and gotten on the yard crew because
I could pick up paper And cigarette butts in the morning
while it was cool. I had been doing this for 2 mos. with
any trouble. I request 9 dorm lock-up Sir, if you can
help me with this, because, I cannot live in any other
dorm, or handle those type of duty's sir. I feel my
life is in danger from some unknown enemy I
cannot see or identify, since I went threw the
same thing all last year, than an inmate came
to hurt me. I Am just not able to handle all
this any more, or these type of duty's sir.
    Whatever I did to make you made at
me, I Am sorry.

                                     Richard Jobson
                                        723903

*Exhibit* "J"

## "REQUEST"

CApt. Robinson SiR,

For some Reason I am on the faRm AgAin. I have done nothing to go too the faRm foR, besides, I still have my medical And I still have Asthma. Did OFFiceR BRooks get mad At me oR something? CApt. Robinson SiR, CAn I be a doRm watcheR, since I Am in the doRm all the time Any way, due to my Asthma, I Request this Assignment if possible. We went through All this the fiRst time. I am just now getting back on my feet fRom my medical, And doctoR ShalA has been helping me.

I have my stuff PAckeD And ReAdy foR lock-up siR. Not trying to be A thorn in your side, just cannot figuRe out why I get cAught up in All this.

YouR help is AppRecinted SiR.

*I am getting my Re-checked By medical 7-18-05 Ruddm*

*Richard H. Jobson*
*#123903*

RichaRd HenRy Jobson
d Dorm 43-T- #123903

*Exhibit "K"*



**PRISON HEALTH SERVICES INCORPORATED**

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** _____

**To:** _____

**From:** _____

**Inmate Name:** _____ **ID#:** _____

**The following action is recommended for medical reasons:**

1.  House in _____

2.  Medical Isolation _____

3.  Work restrictions _____

4.  May have extra _____ until _____

5.  Other _____

**Comments:**

_____

_____

_____ ONE _____

_____

**Date:** _____ **MD Signature:** _____ **Time:** _____

60418

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## *Special Diet Request*

Inmate's Name: ___Johnson  Richard_____   Date: _1/12/05_

Housing Location: ____4H  Dorm_____

Type of Diet: ____heart_____

Start Date: ___10/12/05___    Stop Date: ___6/12/06___

Special Instructions (if needed): _____

___Large portions  breakfast and dinner_____

Low fat / Low cholesterol
description is not necessary

Date Requested: _10/12/05_ Signature: ___David Warner   m___    mw

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: **Richard Jobson**     CUSTODY: **Medium**    AIS#: **W/123903 -** *14*

2. FACILITY: **Limestone Correctional Facility**

3. The above inmate is being charged by **Keith Gates, COI**

   with a violation of Rule Number **54**, specifically **Refusing to work/Failure to check-out for work/Encouraging or causing others to stop work**

   from Administrative Rules and Regulation #403, which occurred on or about **October 20,** 2003,

   at (time) **7:00** (am / ), Location: **Back Gate #2** . A hearing

   on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: You, Inmate Richard Jobson W/123903, failed to report for check out with your assigned farm squad three (3) times. This places you in violation of R.V. #54 – Refusing to work/Failure to check-out for work/Encouraging or causing others to stop work.

   | 10-24-03 | **Keith Gates, COI** | *Keith Gates* |
   |---|---|---|
   | Date | Arresting Officer / Rank / Signature | |

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I have informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _24_ day of _October_, 2003, at (time) _11:52_ (am / pm).

   _____      _____
   Serving Officer / Rank / Signature     Inmate's Signature / AIS Number

6. Witnesses desired?   NO: _____  YES: _____
        Inmate's Signature        Inmate's Signature

7. If yes, list: _Cpt. Robinson  (Hon. Walters_

8. Hearing Date: October 29, 2003    Time: _____    Place: _____

9. Inmate must be present in Hearing Room. If he is not present, explain in detail on additional page and attach.

10. A finding is made that the inmate (is / is not) capable of representing himself.

    _____
    Signature / Hearing Officer

11. Plea: _____ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

13. Arresting Officer's testimony (at the hearing): _____

    _____

    _____

    _____

XXX 024
053
777

**ALABAMA DEPARTMENT OF CORRECTIONS**
**MAJOR INSTITUTIONS – BEHAVIOR CITATION**

LCF 05 1231
Exhibit I
14A...

INMATE: Richard Jobson     AIS: W/123903     CELL/DORM/BED #: 14-11B

FACILITY: Limestone Correctional Facility     JOB ASGMT: Squad #8     CUSTODY: Med

The above named inmate is cited by   Sean Bright, COI   for the following violation(s) of

Administrative Regulation #414 Rule No.   #96   described as:   Failure to Report – Inmate Richard Jobson,

W/123903, failed to report to the Back Gate #2 for work on his assigned Farm Squad.

Date of Infraction: September 19, 2005     Time of Infraction: 7:20     (am)

Sean Bright, COI   Sea Br   COI   9/26/05
Citing Employee's Signature / Date

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate:

( ) Counseling/Warning     (✓) Loss of Telephone Privileges for 45 days
(✓) Loss of Canteen Privileges for 45 days     (✓) Removal from Incentive Program
(✓) Loss of Visitation Privileges for 45 days     (✓) Removal from Hobby Crafts Program
(✓) Extra Duty for 45 days at 3 hours per day under supervision of 2 shift
( ) Removal from good time earning status
( ) Referral to Classification for custody review

Refused to sign us
Inmate's Signature / AIS / Date

W...   09-27-05
Shift Supervisor's Signature / Title / Date

After having reviewed this citation and the recommended sanction(s) presented, the following action is approved:

(✓) Citation and sanctions are approved
( ) Citation and sanctions are approved as modified below:

SOC 10-7-05

( ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately initiated under the provisions of ADOC AR 403
( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

10/14/05
Effective Date of Sanctions

L. Wallace, COSII 10/7/05
Warden / Designee's Signature / Date

Inmate receipt of completed action:

Serving Officer's Initials   BXC

Refuse to Sign BC 10/7/05
Inmate's Signature / AIS / Date

Distribution: ( ) Captain   ( ) Shift Cmdr ____ Shift   ( ) Business Office   ( ) ICS
( ) Psychologist   ( ) Classification   ( ) Central Records   ( ) File

BEHAVIOR CITATION
L.C. F.  ADD ON SHEET – PAGE

I recommend the following action to be taken against this inmate:

___ ✓ Referred to Job Board for assignment to Farm Squad for ___*90*___ days or job change.

___✓ Move from cell to dayroom for ___*3*___ months.

_____ Change CIT Status from _____ to _____ for a period of _____.

COMMENTS: _____

_____

_____

_____



*Exhibit "O"*

## LIMESTONE CORRECTIONAL FACILITY
### INMATE NEWSLETTER

**WARDEN BILLY MITCHEM**          **DEPUTY WARDEN DAVID WISE**

**CAPTAIN PATRICK ROBINSON**  **CAPTAIN LLOYD WALLACE –**  **CAPTAIN DOROTHY GOODE –**
**– POPULATION**                    **SPECIAL UNIT,**                **DORMITORY 16**
                                     **SEGREGATION**

### JULY 30-AUGUST 1, 2005

1. **RELIGIOUS SERVICES: Saturday, July 30, 2005**
   Native American Grounds 1:30-4:30 p.m.
   N. West Gospel Meeting 6:30-8:30 p.m.
   SAA 6:30-7:30 p.m. (Self Help)

2. **ATTENTION ALL INMATES:** Any inmate who misses checkout at the backgate without a stop up will be placed in House Arrest until such time as you are willing to go to work.

3. **ATTENTION ALL INMATES:** I am told, which I don't want to believe, that Officers are allowing inmates to **smoke in certain areas in the dormitory.** If this is happening, **I expect it to stop immediately.** Anyone who smokes, inmate or employee, will **smoke in outside designated areas only.** You must and you will follow Administrative Regulation #009. Failure to do so will result in disciplinary action-for inmates or employees.
   David J. Wise, Warden II

4. **ATTENTION:** Per Captain Robinson, effective immediately, the microwaves placed in dormitories #10, #11, #12, #14, and #15 are to be used from 6:00 P.M.-10:00 P.M., Sunday thru Thursday, 6:00 P.M.-12:30 A.M., Fridays and 12:00 P.M.-12:00 A.M., Saturdays and Holidays. **NO EXCEPTIONS.** Please do not place coffee, soups, hot water, clothing items, tennis shoes, bugler packs, metal, aluminum foil or towels in the microwave. Misuse of this microwave will result in disciplinary action and placement into **HOUSE-ARREST.**

5. **ATTENTION PER CAPTAIN PATRICK ROBINSON:** Any inmate caught trying to get ice from the ice coolers while they are going or coming from the ice machines will receive disciplinary action. Ice will only be taken from the coolers inside the dormitory.

6. **ATTENTION INMATE MAIL: UNAUTHORIZED ITEMS RECEIVED IN THE MAIL WILL BE RETURNED TO SENDER AT THE INMATE'S EXPENSE. DISCIPLINARY ACTION MAY BE TAKEN** ALSO, DEPENDING ON THE NATURE OF THE UNAUTHORIZED.          Captain Patrick Robinson

7. **ATTENTION ALL INMATES CUPS/COOLERS:** It has been brought to my attention that our Correctional Officers are allowing inmates to bring their own personal cups, coolers or containers with them to the Dining Hall. This is Corrections 101. Never allow an inmate to bring personal utensils, cups, containers, etc. to the Dining Hall. This practice will cease immediately. Inmates should only bring themselves (person) to the Chow Hall and leave the same way.          David J. Wise, Warden II

8. **ATTENTION ALL INMATES:** Any inmate who wants to volunteer to work on the farm squad to pick tomatoes, send a request slip to Capt Wallace. You will be paid (.15) fifteen cents per hour.

9. **ATTENTION ALL INMATES DAYROOM BATHROOMS:** This is to reiterate the long-standing policy that inmates assigned to cells are **not** to use the dayroom bathrooms for any reason, unless specified by a Supervisor. Any inmate assigned to a cell caught in a dayroom bathroom will receive a citation and be reassigned to a dayroom bed.          **NO EXCEPTIONS!!**          David J. Wise, Warden II

10. **STOP UPS:** Stop up the following inmates on designated dates.

| August 30, 2005 | | August 1, 2005 | |
|---|---|---|---|
| Williams, Jemar | 213020 | Anderson, John | 224338 |

11. **STOP UPS SICK CALL LOG (HCU):** Stop up the following inmates on Monday, August 1, 2005, to report to the gym at 1:30 p.m. for stop ups in the HCU for sick call.

| | | | | | |
|---|---|---|---|---|---|
| Brock, Fred | 158053 | Burruss, Henry | 150136 | Deal, Harold | 200167 |
| Dingler, Charles | 199098 | Donaldson, Timothy | 234776 | Hamilton, Antonio | 239061 |
| Hardin, Douglas | 218493 | Hatcher, Rooney | 153953 | Huckaby, Michael | 206273 |
| Jenkins, Cornelius | 183915 | McAnally, Bobby | 174683 | Matthews, Benjamin | 237294 |
| Norman, William | 158526 | Pinchon, Antonio | 191553 | Reynolds, Willie | 148288 |
| Riddle, Larry | 178231 | Rogers, Robert | 173329 | Thomas, Jimmy | 160189 |
| Winkley, James | 215126 | | | | |

**FROM:**   Robert Pivonka. Lieutenant
**TO:**      All Inmates
**SUBJECT:** Boots Packages

You can still receive Boots. One pair every (6) Months. You must have a
four month clear record.  Boot request forms can be obtained from the Cube
Officer in your dorm. Send in only one form and use the right form or I will
not honor it. **I will accept Boot forms from July 14, 2005 until July 31,
2005. All Boots must arrive at LCF by August 31, 2005. <u>NO</u>
<u>EXCEPTIONS</u>.**

In order for you to receive an Boot Package, you must meet the following
qualifications:

   (1) Four-month disciplinary free record ( to include citations).
   (2) Rule Violations #29 and #38 require 1 year clear record.
   (3) Must have work supervisor or an officer sign the request.
   (4) Must have sender on the list that is on your approved visiting list.
   (5) You need to **print** all information on the request so it can be read.
       Also, include your AIS # **<u>Dorm and your bed assignment</u>** on the
       request.
   (6) You need to send **<u>only one (1) request</u>** for your Boot package. If
       you send more than one request to your Classification Specialist,
       you will receive a citation from me.
   (7) Do not place your request inside an envelope!


I will have Boot Package list request made up and sent to each dorm. Do not
use any other request except the forms that I have made up.

Adult Learning Program (preparation for GED test)
Gadsden State Community College
Trade School Certificates in: Masonry, Welding, Electrical, Commercial
Food Service, and Furniture Refinishing

## Recreation:

Leather and Hobby Craft Shop – no hobby craft items are allowed in the cellblocks
Athletics
Reading Library

## Inmate Victimization:

When larger and stronger inmates take advantage of smaller or weaker inmates; also where knowledgeable inmates take advantage of less knowledgeable inmates. Some aspects of victimization:

Homosexual Rape
Violence or Threat of Violence
Two (2) for (1) Loansharking (do not borrow or trade)
Box breaking and stealing.

*A.D.O.C. is aware of the on going trouble.*

## Critical Factors of Parole:

Offense severity
Past offenses
Institutional offenses
Psychological stability
Institutional program participation
Warden's recommendation
Education and/or trades completed

*As of this date, I can forget any parole because I wouldn't have a chance.*

## Progress is accomplished by:

Clear disciplinary record
Institutional program participation
Vocational and Educational program participation
Good work record

*A.D.O.C. is not going to tell parole board I defended myself, or had a medical profile step-up.*

## Laundry:

Each inmate is allowed three (3) sets of clothing. Laundry is picked up and delivered to the cellblock. State clothing and laundry bags must be clearly marked with the inmate's AIS number. Inmates may qualify for a new issue of clothes every six (6) months. The inmate newsletter will announce when inmates may submit a request slip in the laundry box.

The following laundry schedule is in effect:

| | |
|---|---|
| Monday | G1, G2, and R1 personal bags |
| Tuesday | Population/Segregation./R1 pants and shirts |
| Wednesday | Sheets and Pillowcases |
| Thursday | G3, G4, G5 and G6 personal bags |

2